IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:11-CR-26-BO-1
NO. 2:14-CV-71-BO

| | |
|---|---|
| SHAWN KENYATTA BEAMON,<br>Petitioner, | )<br>)<br>) |
| v. | )    ORDER |
| | ) |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 79, 83] and the government's motion to dismiss [DE 89]. Petitioner has responded, and the matter is ripe for ruling. For the following reasons, the government's motion to dismiss is granted and petitioner's § 2255 is dismissed.

## BACKGROUND

On June 15, 2015, petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and possess with the intent to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841 (a)(1) and 846. [DE 43, 44]. On September 18, 2012, Mr. Beamon was sentenced to sentence of 160 months in the custody of the Bureau of Prisons. [DE 52,53]. The sentence was within petitioner's advisory guideline range, which was driven by his status as a career offender under U.S.S.G. § 4B1.1. Mr. Beamon appealed his sentence, and the Fourth Circuit Court of Appeals affirmed this Court's judgment in an opinion dated September 26, 2013. Mr. Beamon did not petition the Supreme Court for a writ of certiorari, and his conviction became final no later than December 25, 2013. *See, e.g., Clay v. United States*, 537 U.S. 522, 527 (2003) (explaining that a conviction becomes final when, *inter alia*, "the time for filing a certiorari petition expires").

On December 22, 2014, petitioner filed the instant motion under 28 U.S.C. § 2255. [DE 79]. Petitioner was then directed to file the motion on the appropriate form and did so on January 9, 2015. [DE 83]. Mr. Beamon first asserts that his counsel was ineffective for a number of reasons, and second, he asserts that he is entitled to a reduction in his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines.

## DISCUSSION

The government contends that the Court should dismiss petitioner's § 2255 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under which relief can be granted. [DE 89]. "To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted).

1. Ineffective Assistance of Counsel

Mr. Beamon claims that his counsel was ineffective for 1) failing to object to the drug weight; 3) failing to object to the inclusion of a predicate felony for purposes of the career offender enhancement under U.S.S.G. 4B1.1; and 3) failing to properly advocate for downward departures or variances due to Mr. Beamon's diminished capacity and overrepresentation of his criminal history. The standard for ineffective assistance of counsel claims was laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must first show "'that counsel's

performance fell below an objective standard of reasonableness.'" *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). "Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must avoid the biases of hindsight." *Id.* (internal quotation omitted). Second, petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Mr. Beamon's attorney's decision to not object to the drug weight is a tactical one entitled to deference. *See Strickland*, 466 U.S. at 689; *see also Knowles v. Mirzayance*, 556 U.S. 111, 126–27 (2009); *Powell v. Kelly*, 562 F.3d 656, 670 (4th Cir. 2009). This is particularly true given that petitioner's offense level and criminal history category were driven by his status as a career offender pursuant to U.S.S.G. § 4B1.1. [DE 49 at ¶¶ 47–55, 56]. Here, Mr. Beamon's attorney decided not to make an objection to the drug weight that would have no impact on the guideline range in order to advocate for a lower sentence and avoid jeopardizing a loss of acceptance of responsibility. That decision is entitled to deference and cannot be considered objectively unreasonable. Alternatively, Mr. Beamon has not plausibly alleged prejudice. *See, e.g., Strickland*, 466 U.S. at 691–96. Accordingly, the Court rejects Mr. Beamon's first claim of ineffective assistance.

Mr. Beamon also argues that counsel failed to object to the inclusion of a predicate felony for purposes of the career offender enhancement. [DE 83 at 6]. He believes that one of his qualifying convictions occurred in 1995, therefore falling outside the relevant 15-year time period established by the career offender guidelines. Petitioner is incorrect. He was convicted of the predicate conviction at issue—selling cocaine—on March 19, 1996. [DE 49 at ¶ 14]. Mr. Beamon's plea agreement acknowledges that his conspiracy began no later than 2009 and

3

continued to at least or on or about October 13, 2010. [DE 44]. Therefore, petitioner's predicate conviction did occur within 15 years of the commencement of the instant offense, as required by the career offender guideline. Because Mr. Beamon was properly classified as a career offender, he has plausibly alleged neither the requisite objective unreasonableness nor prejudice arising from counsel's failure to challenge his status as such.

Petitioner's claim that his counsel failed to properly advocate for a downward departure or variance likewise fails. Counsel filed two separate motions, one for a downward departure [DE 47], and one for a variance [DE 48]. In each, he argued that Mr. Beamon's diminished capacity warranted a below guideline sentence and that the criminal history category assigned to Mr. Beamon by the PSR over-represented the seriousness of his criminal history. Counsel pursued each of these arguments again at sentencing. [DE 66 at 2–5]. Only after listening to arguments from defense counsel, counsel for the government, and petitioner himself did the Court reject counsel's arguments. Lack of success does not render counsel's performance constitutionally deficient. Petitioner has not plausibly alleged that counsel's attempts to secure a downward variance or departure at sentencing were objectively unreasonable.

In sum, all of Mr. Beamon's ineffective assistance claims fail to state a claim under which relief can be granted and must, therefore, be dismissed.

2. Amendment 782

Mr. Beamon also argues that he is entitled to post-conviction relief pursuant to Amendment 782 to the Sentencing Guidelines. This request is properly raised not via § 2255. Section 2255 is a vehicle for a collateral attack on a sentence where, *inter alia*, the sentence is unconstitutional, is in excess of the applicable statutory maximum, or "results in a complete miscarriage of justice," *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). The

4

application of Amendment 782 does not fall within any of these categories. Instead, a request for the retroactive application of a sentencing guideline amendment is appropriately raised via a motion under 18 U.S.C. § 3582(c). *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011). Section 3582(c) allows the sentencing court to modify a term of imprisonment after it has been imposed where the Sentencing Commission amends the applicable guidelines range, which is the precise issue Mr. Beamon raises in his instant § 2255. In fact, Mr. Beamon recently filed a motion under § 3582(c) requesting the retroactive application of Amendment 782 to his case. [DE 95]. Accordingly, the Court will deny petitioner's request for sentence modification as not cognizable under § 2255 and will take up his request in the pending § 3582(c) motion at the appropriate time, following the procedures laid out in Standing Order 14-SO-01.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 89] is GRANTED and petitioner's motion to vacate [DE 79, 83] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED this ___9___ day of July, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE